```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-10055-CIV-MOORE
                                    MAGISTRATE JUDGE P. A. WHITE
ELIO DIEGUEZ FRIAS,       :

        Plaintiff,        :

v.                        :         REPORT OF
                                    MAGISTRATE JUDGE
E. MACGARD, et al.,       :

        Defendants.       :
_____
```

The plaintiff Elio Dieguez Frias, who is confined at the Monroe County Detention Center ("MCDC"), has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

The plaintiff seeks to sue MCDC Medical Director Elizabeth MacGard and unnamed nurses, alleging that he did not get medical treatment for an ulcer for the first six months he was detained, beginning on November 25, 2006. This is the plaintiff's second case against MacGard alleging a denial of proper medical care at the MCDC from November 25, 2006 to May, 2007. In Case No. 07-10054-CIV-KING, a summary judgment was issued on July 17, 2008 in favor of MacGard on the plaintiff's claim that MacGard, between November 26, 2006 and May 6, 2007, ignored a group of medical requests and grievances, seeking care for head, neck, and back injuries. In this case, the plaintiff again alleges that MacGard (and her subordinate nurses) ignored his requests for medical care, this time concerning requests for medical care for his ulcer.

Pursuant to the doctrine of res judicata, which is also known as "claim preclusion," a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. Davila v. Delta Air

Lines, Inc., 326 F.3d 1183, 1187 (11 Cir. 2003); In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11 Cir. 2001); Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11 Cir. 1999).  "[F]ederal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction." CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees, 327 F.3d 1309, 1316 (11 Cir. 2003).  Res judicata acts as a bar "'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'"  Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356-57 (11 Cir. 1998) (citation omitted). "[F]or res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims actually asserted . . . in the earlier action . . . The underlying core of facts must be the same in both proceedings."  In re Piper Aircraft Corp., 244 F.3d at 1298-1301 (internal quotations and citations omitted).

   A claim will be barred by prior litigation if all four of the following elements are present: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) both cases involve the same causes of action.  See Davila, 326 F.3d at 1187; Piper, 244 F.3d at 1296. For res judicata purposes, claims that "could have been brought" are "claims in existence at the time the original complaint is filed or claims actually asserted by supplemental pleadings or otherwise in the earlier action.'"  Piper, 244 F.3d at 1299 (citation omitted; emphasis omitted).

   In this case all four elements are present.  This Court, a court of competent jurisdiction, has entered a final judgment on

2

the merits in CASE NO. 07-10054-CIV-KING; this case and the prior case both involve Elizabeth MacGard and MCDC medical personnel; and this case raises claims that could have been raised in the prior action. The claim that MacGard and medical staff ignored complaints about the plaintiff's ulcer at the same time they ignored complaints about other medical issues certainly arises out of the same nucleus of facts as the claims in the prior case, the claim was in existence at that time, and as such must be barred by the doctrine of res judicata.

It is therefore recommended that the complaint be dismissed as barred by res judicata and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 20th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Elio Dieguez Frias, Pro Se
No. 6027181
Monroe County Detention Center
5501 College Road
Stock Island
Key West, FL 33040